**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS FRANKLIN WOODY, | : | |
|     Plaintiff, | : | PRISONER CIVIL RIGHTS |
| | : | 42 U.S.C. § 1983 |
| v. | : | |
| | : | CIVIL ACTION NO. |
| COMPREHENSIVE NURSING, | : | 2:09-CV-0002-RWS |
| INC.; CONTRACT NURSE | : | |
| DEBRA; HALL COUNTY JAIL; | : | |
| and MEDICAL DEPARTMENT | : | |
| ADMINISTRATOR, | : | |
|     Defendants. | : | |

## ORDER AND OPINION

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.     The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II. Discussion

A. Plaintiff's Allegations

Plaintiff is a federal pre-trial detainee currently confined at the Hall County Jail in Gainesville, Georgia. (Doc. 1 at 1). Plaintiff alleges that on December 21,

2

2008, he went to receive his high blood pressure medication from a nurse at the jail identified as Debra. (Id. at 2). Plaintiff states that Defendant Debra is contracted to work at the jail by Defendant Comprehensive Nursing Care, Inc. (Id.). Plaintiff complains that Defendant Debra did not put his medication in a fresh disposable cup and was not wearing disposable gloves. (Id.). Plaintiff states that he had previously asked Defendant Debra to use a fresh disposable cup when dispensing his medication. (Id.). Because Defendant Debra refused to comply with Plaintiff's request, he refused to take his medication. (Id.).

Later that evening, Plaintiff encountered Defendant Debra and again asked to have his medicine placed in a fresh disposable cup. (Id.). Defendant Debra informed Officer Webster, a jail official, of her previous discussion with Plaintiff. (Id.). Plaintiff responded that he was concerned about cross-contamination of medications. (Id.). Plaintiff alleges that he then asked Defendant Debra to take the medication out of its bubble pack and place it directly into his hands. (Id.). In response, Defendant Debra allegedly cursed at Plaintiff in front of Officer Webster and refused to give Plaintiff his medication in the manner he requested. (Id.). Plaintiff filed a grievance over this incident, and in response, jail officials stated that there was no remedy at the institutional level. (Id. at 1).

3

In an amendment to his complaint, Plaintiff alleges that on January 4, 2009, Defendant Debra again refused to give him his blood pressure medication in either a fresh disposable cup or directly from the bubble pack into his hands. (Doc. 3 at 1-2). Plaintiff states that other medical staff at the jail routinely administer his medication by placing it directly into his hands. (Id. at 2).

Plaintiff seeks to have Defendant Debra's position as a nurse at the jail terminated. (Doc. 1 at 3). Plaintiff also seeks money damages for Defendant Debra's alleged verbal abuse, failure to conduct herself in a professional manner, failure to protect the health and safety of detainees by not using fresh disposable cups for each detainee, and failure to wear latex gloves. (Id.). In his amendment, Plaintiff also asks this Court to order the jail's medical staff to use a fresh disposable cup for each detainee who is receiving medication and to wear latex gloves while administering the medication. (Doc. 3 at 4).

B. Analysis of Plaintiff's Claims

1. Defendants Comprehensive Nursing, Inc., Hall County Jail, and Medical Department Administrator

Plaintiff has named Comprehensive Nursing, Inc., the Hall County Jail, and the jail's Medical Department Administrator as Defendants in this action. First,

4

AO 72A
(Rev.8/82)

"county jails are not legal entities amenable to suit." Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003). Thus, this action cannot be maintained against the Hall County Jail.

With regard to Defendants Comprehensive Nursing, Inc. and the jail's Medical Department Administrator, "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotations omitted). A supervisor is liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Id. As Plaintiff has alleged that other medical personnel at the jail administered his medication in a manner acceptable to him, there is no basis for concluding that any act or policy by Defendant Comprehensive Nursing, Inc. causally connects this Defendant with the actions of Defendant Debra. Plaintiff does not specify any allegations against the jail's Medical Department Supervisor. To the extent Plaintiff seeks damages against the medical supervisor for denying his grievance, such an allegation fails to state a claim that is cognizable under § 1983. See Flick

v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) ("prison's refusal to entertain his grievance" did not state civil rights violation); Dunn v. Martin, 178 Fed. Appx. 876, 878 (11th Cir. Apr. 21, 2006) (citing Flick v. Alba in support of decision finding no constitutional violation as a result of prison officials failing to respond to a grievance) (unpublished opinion). Accordingly, this action cannot be maintained against Defendants Comprehensive Nursing, Inc. and the jail's Medical Department Administrator.

### 2. Verbal Abuse

Plaintiff seeks damages on the basis that Defendant Debra cursed at him. "The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). "Mere threatening language and gestures of a [state actor] do not, even if true, amount to constitutional violations." McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983); see also Hopson v. Frederickson, 961 F.2d 1374, 1378 (8th Cir. 1992); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Moreover, although the use of racial slurs is reprehensible, it does not violate the Eighth Amendment and only violates the

6

Fourteenth Amendment if coupled with physical force or other egregious conduct. See Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985). Accordingly, Defendant Debra's alleged cursing fails to state an actionable claim.

### 3. Dispensing of Medication

Plaintiff alleges that on at least two occasions Defendant Debra refused to dispense his blood pressure medication either by placing it in a fresh disposable cup while wearing latex gloves or by placing the medication in his hands directly from the medication's bubble pack. Plaintiff alleges that Defendant Debra's failure to dispense his medication in the manner he describes endangers his safety by risking cross-contamination of his medication with the medication of other detainees. Plaintiff further alleges that his health was endangered because on these two occasions he ultimately did not receive his blood pressure medication.

An inmate's Eighth Amendment[1] rights are violated when prison officials act with "deliberate indifference" with regard to an inmate's safety. Farmer v.

---

[1] Because Plaintiff is a pre-trial detainee, this claim should be analyzed under the Due Process Clause. Cagle v. Sutherland, 334 F.3d 980, 985-86 (11th Cir. 2003). However, the standard is in all material respects the same for pre-trial detainees and convicted prisoners. Id. at 986.

7

Brennan, 511 U.S. 825, 828 (1994). A jail or prison official violates this standard when two conditions are met. First, the alleged deprivation must, viewed objectively, be considered sufficiently serious. Id. at 834. Second, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff has not shown that he has suffered any actual harm as a result of the method Defendant Debra used to dispense his medication. Plaintiff has also failed to allege facts which suggest a substantial risk of serious harm. Given these shortcomings, Plaintiff's claims concerning Defendant Debra's alleged endangerment to his safety should be dismissed. See Scott v. Sussex State Prison, Case No. 7:06-CV-0369, 2006 WL 1876963 *2 (W.D. Va. July 6, 2006) (civil rights complaint dismissed due to Scott's failure to allege "any actual harm as a result of the alleged 'recklessness' of the defendants in dispensing his medication"), aff'd, 207 Fed. App'x. 267 (4th Cir. Nov. 22, 2006) (unpublished opinion); see also Barker v. Brantley County, 832 F. Supp. 346, 349-352 (S.D. Ga. 1993) (no liability for failure to provide detainee medication when he "would not take it").

AO 72A
(Rev.8/82)

III.   Conclusion

**IT IS ORDERED** that the instant pro se civil rights complaint [Docs. 1 and 3] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff's motion for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this   26th   day of January, 2009.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)